UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

MELVIN BOOKER and SARA MIKO
BOOKER,

       Civ. No. S-09-3541 FCD/KJN

     Plaintiffs,

    v.

       MEMORANDUM AND ORDER

JPMORGAN CHASE; WASHINGTON
MUTUAL BANK; QUALITY LOAN
SERVICE CORPORATION; MID-
AMERICAN AXCESS CORPORATION;
RAYMOND ARTHUR NICHOLS; and
GEORGE W. TRAPP,

     Defendants.

_____/

----oo0oo----

This matter is before the court on the motion of defendant
JPMorgan Chase Bank, N.A., to dismiss plaintiffs Melvin R. Booker
and Sara Miko Booker's ("plaintiffs") complaint pursuant to
Federal Rule of Civil Procedure ("FRCP") 12(b)(6).  On March 23,
2010, plaintiffs filed a statement of non-opposition, requesting
that their claims for violations of the Truth in Lending Act
("TILA") and the Real Estate Settlement Procedures Act ("RESPA")

1

be dismissed without prejudice against all defendants.  (Docket # 19.)  Accordingly, plaintiffs' TILA and RESPA claims are dismissed.  See, e.g. Fed. R. Civ. Pro. 41(a); Swedberg v. Marotzke, 339 F.3d 1139 (9th Cir. 2003) (defendant's filing of a motion to dismiss, pursuant to FRCP 12(b), does not prevent the plaintiff from later filing a voluntary dismissal).

Dismissal of the TILA and RESPA claims leaves the complaint devoid of any federal claims.  The remaining claims are state law claims for negligence, violation of the California Rosenthal Act, breach of fiduciary duty, fraud, violation of California Business and Professions Code §§ 17200 et seq., breach of contract, breach of the implied covenant of good faith and fair dealing, and wrongful foreclosure.  (Pls.' Compl. ("Compl.").)

Subject to the conditions set forth in 28 U.S.C. § 1367(c), district courts may decline to exercise supplemental jurisdiction over state law claims.  See Acri v. Varian Associates, Inc., 114 F.3d 999, 1000 (9th Cir. 1997)(en banc).  The court's decision whether to exercise supplemental jurisdiction should be informed by values of "economy, convenience, fairness, and comity."  Id. at 1001 (citations omitted).  Further, primary responsibility for developing and applying state law rests with the state courts.  Therefore, when federal claims are eliminated before trial, district courts should usually decline to exercise supplemental jurisdiction.  See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994) ("[I]n the usual case in which federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise

jurisdiction over the remaining state law claims.")(quoting
Schneider v. TRW Inc., 938 F.2d 986, 993 (9th Cir. 1991)).  In
accordance with 28 U.S.C. § 1367(c), the court declines to
exercise supplemental jurisdiction over plaintiffs' remaining
state law claims.

    Accordingly, plaintiffs' complaint is DISMISSED without
prejudice.

    IT IS SO ORDERED.

DATED: March 29, 2010

_____
FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE

3